**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**DAVID PATRICK BOONE** **PETITIONER**

**v.** **No. 3:26CV270-DMB-JMV**

**STATE OF MISSISSIPPI** **RESPONDENT**

**ORDER *DISMISSING* PETITIONER'S MOTIONS [8], [11], [12], [13] FOR DISCOVERY AS PREMATURE, *DISMISSING* PETITIONER'S MOTION [9] FOR EVIDENTIARY HEARING AS PREMATURE; *DENYING* PETITIONERS REQUESTS [8], [9] TO APPOINT COUNSEL WITHOUT PREJUDICE**

This matter comes before the court on several motions by the petitioner: Motions [8], [11], [12], [13] for Discovery; Motion [9] for an Evidentiary Hearing; and requests [8], [9] for appointment of counsel. For the reasons set forth below, the petitioner's motions [8], [11], [12], [13] for discovery will be dismissed without prejudice as premature, and his motion [9] for an evidentiary hearing will be denied without prejudice. The petitioner's requests [8], [9] for appointment of counsel will also be denied without prejudice.

**Motions [8], [11], [12], [13] for Discovery**

The plaintiff has filed multiple motions [8], [11], [12], [13] for discovery; the materials requested involve the merits of his *habeas corpus* claims. Most *habeas corpus* petitions are resolved based upon procedural issues; hence, in the interest of judicial efficiency, the instant motions [8], [11], [12], [13] will be dismissed without prejudice as premature. If any of the petitioner's grounds for relief remain after the court's review of procedural issues, he may request discovery only as to those issues. The court can best identify those issues after the State responds to the petition and Boone replies (if he chooses). Once initial briefing is complete, the court will consider whether any issues survive, and, if so, whether discovery is warranted as to those issues. Hence, the instant motions [8],

[11], [12], [13] for discovery will be dismissed without prejudice.

**Motion [9] for Evidentiary Hearing**

Boone has also moved [9] for an evidentiary hearing seeking to develop the facts regarding the merits of this case. Under the Anti-Terrorism and Effective Death Penalty Act, ("AEDPA"), requests for an evidentiary hearing are evaluated under 28 U.S.C. § 2254(e)(2). *Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000); *see also* Rule 8, Rules Governing § 2254 Cases in the United States District Courts (evidentiary hearing appropriate "if the *habeas* applicant did not receive a full and fair evidentiary hearing in state court, either at the time of the trial or in a collateral proceeding"). When a *habeas corpus* petitioner has failed to develop the factual basis of a claim, the court may not hold an evidentiary hearing, unless he meets the exceptions of subsection (e)(2):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the application shows that–
>
> (A) the claim relies on–
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

These exceptions apply where the failure to develop the facts of claim is solely the result of a decision or omission of the petitioner himself. *Murphy*, 205 F.3d at 815. Overcoming the restrictions in § 2254(e)(2) does not, however, guarantee a petitioner an evidentiary hearing, it

merely "opens the door for one;" the district court retains the discretion to grant or deny an evidentiary hearing. *Id.* Further, a full and fair hearing does not necessarily require live testimony; a "paper hearing" may be sufficient to afford a petitioner a full and fair opportunity to present factual issues pertinent to his case. *Id., see also Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Finally, where a district court has before it enough facts to make an informed decision regarding the merits of a claim, the court may deny a request for an evidentiary hearing, even where the state court made no explicit factual findings. *McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

The court has reviewed the file and records of this case, has applied the analysis above, and has not encountered any claims the petitioner raises requiring an evidentiary hearing. It appears that the petitioner can present his claims in written form without the need for a live hearing. In addition, the parties have not yet briefed potential procedural issues, which are often dispositive in *habeas corpus* cases. The court will not consider an evidentiary hearing in this case until it is clear which grounds, if any, survive review regarding procedural issues. For this reason, the petitioner's request for evidentiary hearing will be denied. However, if later in the case an evidentiary hearing appears necessary, the court will order one *sua sponte*.

**Request for Appointment of Counsel**

Boone has moved [8], [9] for the appointment of counsel. He is proceeding *pro se* and has been granted leave to proceed *in forma pauperis* based on the pauper's affidavit submitted with his petition. The court may appoint counsel for a *habeas corpus* petitioner whenever "the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B). If an evidentiary hearing is to be held, the court is required to appoint counsel. Rule 8(c), Rules Governing § 2254 Cases. Boone has not alleged any circumstances which would, in the opinion of the court, require

appointment of counsel at this time in the interests of justice. Hence, the petitioner's motions [8], [9] for appointment of counsel will be denied without prejudice.

**Conclusion**

For the reasons set forth above the petitioner's motions [8], [11], [12], [13] for discovery are **DISMISSED** without prejudice as premature, and his motion [9] for an evidentiary hearing is **DENIED** without prejudice. In addition, the petitioner's requests [8], [9] for appointment of counsel are **DENIED** without prejudice.

**SO ORDERED**, this, the 7th day of October, 2026.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE